

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NORA LEE, | * | |
| | * | CIV. 06-4124 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER DENYING |
| CAV-COR, INC., d/b/a BURGER KING, | * | MOTION TO TRANSFER VENUE |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Cav-Cor, Inc., d/b/a/ Burger King, has moved for a change of venue from the Southern Division to the Northern Division of the District of South Dakota. Doc. 13. The motion is based on 28 U.S.C. § 1404(b), which provides: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. ..."

The three general categories of factors that courts must consider when deciding a motion to transfer are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. A district court's evaluation of a transfer motion, however, is not limited to these enumerated factors. Instead, these determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *cited in Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)( construing 28 U.S.C. § 1404(a)[1]). Normally, substantial consideration is given to the Plaintiff's choice of forum, and the party seeking transfer bears the burden of proving the transfer is warranted. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d at 695.

In this case, Defendant Cav-Cor, Inc., contends that a transfer of venue from Sioux Falls to

---

[1] 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Aberdeen is warranted because both the Plaintiff and Defendant resided in Aberdeen at the time the alleged unlawful employment practices and rape occurred, and because the vast majority of the witnesses reside in Aberdeen. Defendant further contends that transfer is warranted since counsel for Defendant offices in Aberdeen, and Plaintiff's counsel offices in Rapid City, which is approximately the same distance from Aberdeen as it is from Sioux Falls. Defendant Cav-Cor, Inc., maintains that the Aberdeen forum offers lower costs for obtaining witnesses and other trial expenses, and that it is far less convenient for Defendant to defend this action in Sioux Falls than it is for Plaintiff to prosecute this action in Aberdeen.

Plaintiff contends that her decision to litigate this matter in the Southern Division is entitled to great deference and that the convenience of the witnesses and parties, along with the interests of justice, weigh in favor of litigating this matter in the Southern Division. Plaintiff maintains that none of the witnesses would be required to give testimony in excess of several hours, and that many witnesses would be able to drive to Sioux Falls and back to Aberdeen in one day.

Plaintiff has provided the affidavit of Diane Herseth, a Licensed Professional Counselor of Mental Health and Qualified Mental Health Professional, who treated Plaintiff for over a year after the alleged rape. Plaintiff is now a student in Denver, Colorado. Herseth stated that in her opinion it would be more psychologically harmful to Plaintiff if she had to litigate this matter in her hometown of Aberdeen than it would be to litigate the matter in Sioux Falls.

After considering all the factors in this case, this Court has determined that Plaintiff's choice of forum is worthy of deference and that Defendant has not met its burden of proving the transfer is warranted. Accordingly,

IT IS ORDERED that Defendant's Motion for Change of Venue (Doc. 13) is denied.

Dated this 21st day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   (SEAL)   DEPUTY

2