UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 29 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| NORA LEE, | \* | CIV 06-4124 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| CAV-COR, INC., d/b/a Burger King, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The parties have presented a Stipulation Regarding Order for Protection of Plaintiff's Mental Health Records, Doc. 24, in this action, and after consideration of the same,

IT IS ORDERED:

1. That all mental health records of Plaintiff shall be marked "CONFIDENTIAL" on the face of each document, response, or item of evidence.

2. Confidential information and confidential attorneys-only information may be used by the persons properly receiving such material only for the purpose of preparing for and conducting pretrial and trial and possible appeal proceedings in this action and for no other purpose.

3. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, records, documents, testimony, information, or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information, or material shall be limited to:

    a. Counsel for the Defendant and his law office staff and/or

    b. Expert witness or expert analysis for the Defendant on Plaintiff's mental health status as a result of the incident subject to this litigation;

        A copy of this Order will be given to the expert witness or anyone reviewing the medical records and consulting with Defendant's attorneys.

4. Defendant shall not make copies of any "CONFIDENTIAL" information or allow copies outside of counsel's office except for expert witness and for Defendant's counsel to work at its home.

5. If Defendant objects to the designation of any record, document, testimony, information, or materials as "CONFIDENTIAL," it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information, or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in the Protective Order.

6. There will be a written agreement by the parties or there will be a ruling by the Court prior to trial on the confidential documents to determine which confidential documents may be used at trial.

7. Upon termination of this litigation, all copies of "CONFIDENTIAL" records, documents, testimony, information, or material and all summaries thereof shall be returned to counsel for the producing party or destroyed, at the option of the producing party. Application may be made with the Court for the return of documents received as exhibits in the trial. The documents may be retained by counsel during the appeal process.

8. The protection order may be modified or amended by written agreement of the parties subject to approval by the Court for good cause shown.

9. Any violation of the Protective Order that cannot be resolved by the parties will be brought before the Court for resolution.

Dated this 29th day of November, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
     DEPUTY